UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4025

TRACEY SYLVESTER WHITTED,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Richard C. Erwin, Senior District Judge.
(CR-96-91)

Submitted: July 1, 1997

Decided: July 18, 1997

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry G. Harn, Chapel Hill, North Carolina; Donald R. Dickerson,
Hillsborough, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Lisa B. Boggs, Assistant United States Attor-
ney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Tracey Sylvester Whitted pled guilty to conspiracy to distribute cocaine and crack cocaine and to possess cocaine with intent to manufacture crack in violation of 21 U.S.C. § 846 (1994). On appeal, Whitted challenges whether the district court erred by accepting his guilty plea prior to determining whether a factual basis existed to support the plea and whether he should have been allowed to withdraw his plea prior to sentencing. Finding no reversible error, we affirm.

Whitted was involved in a large drug ring in North Carolina which was eventually broken as the result of an undercover sting operation. After the jury was selected in the joint trial of himself and a co-defendant ("Swepson"), Whitted offered to plead guilty to the conspiracy charge pursuant to a written plea agreement. The plea agreement included a provision that Whitted testify truthfully at Swepson's trial. During the Rule 11[1] colloquy, the district court advised Whitted of the elements of the offense, the rights he was waiving, and the potential maximum punishments. Whitted stated that he understood the court's advice and admitted that he was guilty of the offense. The district court accepted the guilty plea, but reserved entering final judgment until after a factual basis to support the plea was presented, which was expected to occur later that day during Swepson's trial. However, Whitted refused to testify, and a hearing on the factual basis was deferred until sentencing.

Shortly before sentencing and approximately three months after pleading guilty, Whitted filed a motion to withdraw his plea. After a hearing, the district court denied Whitted's motion and allowed the Government to present the factual basis. The district court found that the evidence was sufficient to support the plea, entered judgment, and sentenced Whitted.

We reject Whitted's assertion that the district court erred by accept-

_____

[1] Fed. R. Crim. P. 11.

2

ing his plea without the Government first presenting an adequate factual basis. Rule 11(f) states that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." We find that the unambiguous language of this Rule contemplates a situation such as the one here, where the plea is accepted prior to the presentation of the factual basis. The district court properly deferred entering judgment until after the factual basis, which we find is all that is required under Rule 11(f). Moreover, this court recently approved of this procedure in United States v. Mitchell, 104 F.3d 649, 651-52 (4th Cir. 1997).[2]

Contrary to Whitted's assertion, he did not have an absolute right to withdraw his guilty plea.[3] To support his motion to withdraw, a defendant bears the heavy burden of showing that there is a "fair and just" reason, and the decision to grant or deny the request lies within the sound discretion of the district court. Moore, 931 F.2d at 248.

In the present case, we find that Whitted fails to meet this burden. Whitted claims that he did not understand the buyer/seller defense and that he was factually innocent because he was improperly identified as being at one of the undercover purchases. However, the record shows that he was fully advised of the consequences of his plea and possible defenses and knowingly and voluntarily pled guilty.[4] We also reject Whitted's claim of innocence. The record shows that the only "misidentification" concerned Whitted's hairstyle. The witness in question positively identified Whitted as the person who sold drugs to him on the specific occasion at issue, and several other witnesses testified that they purchased drugs from Whitted as well.

_____

[2] The court also notes that Whitted caused the delay in presenting the factual basis by refusing to testify at Swepson's trial as agreed. We further find that the factual basis presented by the Government amply supported the plea.

[3] See Fed. R. Crim. P. 32(d); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

[4] We note that during the hearing on Whitted's motion to withdraw his guilty plea, his original defense counsel testified that he explained the difference between conspiracy and a buyer/seller relationship and that Whitted understood.

3

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4